IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RUBY LEWIS,

    Plaintiff,

v.                                          CASE NO. 1:09-cv-00206-MP-GRJ

MICHAEL J ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Defendant's Motion to Remand. (Doc. 24.) Defendant requests that the Court remand this case pursuant to sentence four of 42 U.S.C. § 405(g) to the Appeals Council so that the case can be remanded to the ALJ for further administrative proceedings. Defendant represents that Plaintiff does not object to the Motion to Remand.

## **Discussion**

After the Court reviewed the administrative record and the memoranda filed by the parties the Court determined that a hearing was necessary. Accordingly, the Court scheduled a hearing for February 24, 2011 to address whether remand for an award of benefits or reversal for further development would be appropriate should the Court find that it cannot affirm the ALJ's decision. (Doc. 23.) Before the hearing was held, agency counsel requested the Appeals Council of the Social Security Administration to reconsider the case, which it agreed to do. Upon review, the Appeals Council determined that remand for further administrative proceedings was appropriate.

According to the Defendant, although the ALJ provided reasons why Plaintiff is no longer disabled, further development of the record is necessary to ensure that this determination is correct. The Court agrees.

Remand is appropriate under sentence four of 42 U.S.C. § 405(g), which provides in relevant part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

In this case remand is appropriate to further develop the record. Upon receipt of the Court's remand order, the Appeals council will remand this case to the ALJ, who will be directed to obtain updated intelligence quotient (IQ) scores and specifically consider whether Plaintiff continues to meet the criteria of listing 12.05C of the Commissioner's listing of impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. After considering all of the evidence of record, the ALJ will be directed to issue a new decision.

## **Recommendation**

In light of the foregoing it is respectfully **RECOMMENDED** that Defendant's Motion To Remand (doc. 24) should be **GRANTED**, and this action should be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner. On remand the administrative law judge should obtain updated intelligence quotient (IQ) scores and specifically consider whether Plaintiff continues to meet the criteria of Listing 12.05(C). The Clerk should be directed to enter final

judgment accordingly, terminate any pending motions, and close the file.

At Gainesville, Florida, this 23rd day of February, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**